IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 04 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00151-BNB

LOUIS C. SHEPTIN,

    Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT CONTRACTOR COMPANY,
JEFFERSON COUNTY JAIL,
TELLER COUNTY JAIL,
SHERIFF, Teller County Jail,
NURSE JANE DOE, Jefferson County Jail,
NURSE JANE DOE, Teller County Jail,
NURSE PRACTITIONER HEWITT, Teller County Jail,
CPL. SANCHEZ, Teller County Jail, and
NURSE RICCI (Dpt. Morland),

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Louis C. Sheptin, currently is incarcerated at the Metropolitan Correctional Center in Chicago, Illinois. He initiated this action by submitting to the Court *pro se* documents titled "Motion IFP" and "Complaint for Medical Malpractice Gross Negligence, Personal Injury and Callous Indifference to Serious Medical Needs With Medical Evidence Attached." The Court reviewed the documents and determined they were deficient. Therefore, in an order filed on January 24, 2008, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Mr. Sheptin to cure certain deficiencies in the case within thirty days if he wished to pursue his claims.

The January 24, 2008, order pointed out that Mr. Sheptin failed to submit a certified copy of his trust fund account statement for the six-month period immediately proceeding this filing. The order also pointed out that he failed to submit on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. The order warned Mr. Sheptin that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On February 1, 2008, Mr. Sheptin submitted a letter to the clerk of the Court and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with an attached copy of an order granting him leave to proceed pursuant to 28 U.S.C. § 1915 in the United States District Court for the Western District of Oklahoma that he attempted to certify himself. On February 4, 2008, he submitted a Prisoner Complaint. Also on February 4 he submitted a motion to incorporate the "Complaint for Medical Malpractice Gross Negligence, Personal Injury and Callous Indifference to Serious Medical Needs With Medical Evidence Attached" into the February 4 complaint.

On February 20, 2008, he submitted another Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with an attached copy of an order granting him leave to proceed pursuant to 28 U.S.C. § 1915 in the United States District Court for the Northern District of Illinois. On February 28, 2008, he submitted a supplement to the complaint. However, he has failed within the time allowed to submit a properly certified copy of his trust fund account statement from the Metropolitan Correctional Center.

Subsection (a)(2) of 28 U.S.C. § 1915 (2006) requires submission of "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." The January 24, 2008, order and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 note this requirement. By failing to submit a copy of his trust fund account statement certified by the appropriate prison official at the Metropolitan Correctional Center, Mr. Sheptin has failed to cure all the deficiencies listed in the January 24 within the time allowed. The complaint and the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that leave to proceed pursuant to 28 U.S.C. § 1915 is denied. It is

FURTHER ORDERED that the February 4, 2008, motion to incorporate the "Complaint for Medical Malpractice Gross Negligence, Personal Injury and Callous

Indifference to Serious Medical Needs With Medical Evidence Attached" into the complaint filed on February 4 is denied as moot.

DATED at Denver, Colorado, this 4 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00151-BNB

Louis C. Sheptin
Reg. No. 90355-024
Metropolitan Correctional Center
71 W. Van Buren Street
Chicago, IL 60604

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3\4\08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk